**No. 50638.**—Protests 655280–G, etc., of Eddy Hat Co. (Los Angeles).

TILSON, Judge: These suits involve the question of the proper classification of certain imported hats upon which duty was levied at the rate of 25 percent ad valorem plus 25 cents per dozen under paragraph 1504 (b) (2), Tariff Act of 1930, as bleached hats. Because the sufficiency of the protests is challenged, the pertinent part thereof is quoted, as follows:

* * * Protest is hereby made against your liquidation or your decision assessing, imposing or collecting duty, fees, or other exactions, or excluding any merchandise from entry or delivery, or your refusal to reliquidate for clerical error, in connection with the entries or other matters referred to below. The reasons for objection under tariff act of 1930 are as follows:

Formosa paper hats assessed at 25% plus 25¢ per dozen under par. 1504 are dutiable at 25% under said paragraph (hats not bleached, etc.).

At the trial of the case counsel for the defendant called the attention of the trial judge to the fact that the protest did not include a claim under paragraph 1504 (b) (5) and contended that the protest was not sufficiently specific to direct the collector's attention to a claim under that subparagraph. When counsel for the plaintiff attempted to show by a witness that certain items of the involved merchandise were similar in all material respects to the merchandise the classification of which was involved in *Caradine Hat Co.* v. *United States*, 9 Cust. Ct. 69, C. D. 664, and counsel for the defendant objected to the introduction of such testimony, the following colloquy took place:

Mr. TUTTLE. Subdivision (1) is hats not bleached; subdivision (5) is "any of the foregoing known as harvest hats." That is the other one.

I should show the court the paragraph. It is quite simple, your Honor. I think if the court would merely look at paragraph 1504 (b) (1) and (5), that that would be enough to consider it.

Judge EKWALL. Well, they are dutiable at 25 per cent under said paragraph. I think that the words of limitation sought to be established there wouldn't supersede—he has referred, of course, to the paragraph in toto. It is true that this wording in parenthesis has indicated—I don't know why it was put in there, but—

Mr. TUTTLE. Well, your Honor, there is "etc." there.

Judge EKWALL. Yes, I know; I was coming to that. It seems to me that that is totally unnecessary to put that in at all, but I don't believe that that could be considered as words of limitation there. I will overrule that objection and allow the evidence to go in.

In our opinion this case is controlled by *Raybestos Manhattan, Inc.* v. *United States*, 27 C. C. P. A. 340, C. A. D. 109, from which the following is quoted:

It is also well established that a protest serves not only as a notice to the collector of alleged errors in his classification, but serves as well for the purpose of an appeal to the United States Customs Court in case the collector declines or fails to make his decision conform to the protest.

\*     \*     \*     \*     \*     \*     \*

It is appellant's contention that where a paragraph enumerates several commodities more or less related, all dutiable at the same rate, it is sufficient in a protest to make a claim under that paragraph without any specific enumeration of the commodities named therein.

The Government, on the other hand, contends that the merchandise is described in the protest as metacresol, and that, since metacresol is *eo nomine* designated in paragraph 27 (b), the protest should be held to be limited to that commodity; that the attention of the collector was not directed to any other commodity named in the paragraph, and that he had the right to believe from the protest that the only claim therein was that the involved merchandise should be classified under paragraph 27 (b) as being "Metacresol having a purity of 90 per centum or more," as specified therein; that neither the collector nor the Government was advised until after the trial had begun, and the period for amendment of the protest had elapsed, what the real claim of appellant was, viz, that the merchandise consisted of cresylic acid, enumerated in said paragraph 27 (b).

\*     \*     \*     \*     \*     \*     \*

The question, simply stated, is, did the protest complaining of the assessment of duties by the collector upon the merchandise described in the protest as "Meta Cresol," and claiming it to be dutiable under paragraph 27 (b) at 20 per centum ad valorem and 3½¢ per pound, reasonably inform the collector that appellant claimed the merchandise to be cresylic acid enumerated in said paragraph, and can it be reasonably said that such claim was in the mind of appellant at the time of filing the protest, no amendment of the protest having been made or sought.

We think this question must be answered in the negative. Nowhere does the protest indicate that appellant was of the view, at the time of filing the protest, that the merchandise consisted, not of metacresol, but of cresylic acid. Neither is there anything in the record indicating that appellant at any time before its chemist's analysis of a sample of the merchandise, the date of which does not appear, knew or believed that the merchandise consisted of cresylic acid.

Nowhere do these two protests indicate that the plaintiff was of the view, at the time of filing the protests, that the merchandise consisted, not of hats, not bleached, but of hats known as harvest hats, valued at less than $3 per dozen. Neither is there anything in the record indicating that the plaintiff at any time before the trial of these two protests knew or believed that the merchandise consisted of hats, known as harvest hats, valued at less than $3 per dozen.

As to the 8-bu. white paper hats, following the *Raybestos* case, *supra*, we hold that these protests did not reasonably inform the collector that the plaintiff was claiming the merchandise to be dutiable as hats, known as harvest hats, valued at less than $3 per dozen under paragraph 1504 (b) (5), Tariff Act of 1930. Therefore, as to that so-called claim under paragraph 1504 (b) (5), both protests are held to be insufficient.

Counsel for the plaintiff, in its brief filed herein, contends that it has established by proper evidence that certain of the items of merchandise are properly dutiable at only 25 percent ad valorem under paragraph 1504 (b) (1), Tariff Act of 1930, as hats, not bleached, of the kind therein made dutiable at that rate. One witness testified that the hats were subjected to a bleaching process after they arrived in this country, but the record contains not one word of evidence to indicate what was done to the hats prior to importation.

For the reasons stated, the protests are overruled *in toto*, as to the 8-bu. white paper hats because of insufficiency of the protests, and as to the remainder of the merchandise because of insufficient proof. Judgment will be rendered accordingly.